| | |
|---|---|
| FRANKLIN JONES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-428 |
| § | |
| BUCK TAYLOR, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER DISMISSING**
**CERTAIN CLAIMS AND RETAINING CASE**

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's excessive force claim against Captain Buck Taylor is retained, and service shall be ordered on this Defendant in his individual

capacity. Plaintiff's claims for money damages against all Defendants in their official capacities are dismissed as barred by the Eleventh Amendment. Plaintiff's claims against Grievance Investigator Hernandez and Warden Ramirez are dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit in Beeville, Texas. He filed his original complaint on October 20, 2014, alleging that on October 17, 2013, Captain Buck Taylor used excessive force against him. (D.E. 1). He also named as Defendants Assistant Warden Maria Ramirez and Grievance Investigator Joe Hernandez alleging that these individuals failed to investigate properly his use of force claims against Captain Taylor.

On December 4, 2014, a *Spears*[1] hearing was conducted. The following allegations were made in Plaintiff's original complaint (D.E. 1), or at the hearing:

Plaintiff has been in TDCJ custody since 2004. He is serving a fifty-year sentence for aggravated robbery.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

In October 2013, Plaintiff was housed in a single-man cell. On October 17, 2013, a female sergeant informed Plaintiff that he was going to be moved to a two-man cell and to pack his property. Plaintiff objected to the move stating that his proposed new cellmate was a racist who had caused problems with his cellmates in the past. The female sergeant advised Plaintiff not to protest the move or he would be disciplined. The female sergeant told him to leave his belongings in his cell while he went to get his insulin shot and that he would move thereafter. She also reassured him that, if the new living arrangements did not workout, she would help Plaintiff get moved again.

As Plaintiff was on his was to medical to get his insulin shot, he saw Captain Taylor. Plaintiff told Captain Taylor that he did not understand why he was being forced to move "out of his comfort zone" and into a cell with a known racist who had caused problems for other inmates in the past. Captain Taylor and Plaintiff exchanged words and the discussion "got heated," even though two sergeants tried to get Plaintiff to move along. Captain Taylor then stated that he felt threatened by Plaintiff and he ordered Plaintiff to submit to hand restraints. Plaintiff placed his hands behind his back, and Captain Taylor applied the metal handcuffs. Plaintiff immediately told Captain Taylor that the handcuffs were on too tight.

Plaintiff remained in the hand restraints for approximately five to ten minutes. He was then escorted to medical to receive his insulin shot and the hand restraints were removed. The restraints had cut into his wrists approximately 5 mm. The medical department told Plaintiff to submit a Sick Call Request (SCR) if he believed he was injured. Plaintiff was then escorted back to his old cell where he packed his belongings

and was then moved to the new cell. Plaintiff did not receive a disciplinary case as a result of the incident. Plaintiff had no prior altercations or "bad history" with Captain Taylor.

The next morning, Plaintiff submitted an emergency SCR complaining about the pain in his wrists. He was seen in medical and the provider ordered x-rays and prescribed Nortriptyline for pain. Although the x-rays were negative, Plaintiff claims the diagnosis was "torn ligaments in his right wrist" and that he was prescribed a wrist brace and sent to physical therapy through August 2014. Plaintiff related that he had previous problems with the ligaments in his forearms, including a piece of glass that remains lodged in his left forearm, but that his current wrist injuries and pain arose solely from the October 17, 2013 incident.

Plaintiff filed a Step 1 grievance complaining about Captain Taylor's use of force but it was denied by Grievance Officer Joe Hernandez. Plaintiff filed a Step 2 appeal, but Assistant Warden Ramirez upheld the denial of his claim without investigation.

Plaintiff is suing Defendants in their official and individual capacities for actual and punitive damages, as well as for unspecified injunctive relief.

### III.   LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSSION.

### A. Official capacity claims.

Plaintiff is suing Defendants in their official capacities for monetary damages.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing any Defendant in his or her official capacity for money damages, those claims are barred by the Eleventh Amendment. Accordingly, Plaintiff's claims for money damages against Defendants in their official capacities are dismissed with prejudice.

### B. Excessive force.

Plaintiff claims that Captain Taylor used excessive force against him when he applied the handcuffs in anger and then left them on for five to ten minutes, despite Plaintiff's protestations that the handcuffs were on too tight.

Inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez,* 185 Fed. Appx. 360, 363 (5th Cir. 2006). To state an excessive force claim, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10, (1992). Thus, a prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Id.* at 4; *see also Wilkins v. Gaddy,* 559 U.S. 34, 38 (2010) (reversing district court's dismissal of prisoner's excessive force claim based entirely on its determination that his injuries were "*de minimis*," reasoning that it was "at odds with *Hudson's* direction to decide excessive force claims based on the nature of the force rather than the extent of the injury."). Additional relevant objective factors in the inquiry of the application of excessive force include (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that

need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

Although a *de minimis* injury is not cognizable, the extent of the injury necessary to satisfy the injury requirement "is directly related to the amount of force that is constitutionally permissible under the circumstances." *Ikerd v. Blair*, 1010 F.3d 430, 434-35 (5th Cir. 1996) (citations omitted); *see also Flores v. City of Palacios*, 381 F.3d 391, 399 (5th Cir. 2004) (noting that the minimum qualifying injury "changes with the facts of each case"); *Williams v. Bramer,* 180 F.3d 699, 704 (5th Cir. 1999) ("What constitutes an injury in an excessive force claim is ... subjective -- it is defined entirely by the context in which the injury arises.").

Here, Plaintiff testified that he was being escorted to medical by two sergeants to get his insulin shot when he saw Captain Taylor and confronted him about the proposed move from his single-man cell. He admits that he was upset and did not understand why Captain Taylor wanted to change his housing assignment and put him in a cell with a known racist and troublemaker. Captain Taylor responded that Plaintiff did not have the authority to question his decisions, and Plaintiff admits that the discussion "became heated." Although Captain Taylor announced that he "felt threatened," two other officers were present and were attempting to move Plaintiff along to medical. When Captain Taylor ordered Plaintiff to submit to hand restraints, Plaintiff readily complied, and he was not charged with a disciplinary case.

Once the handcuffs were in place, Plaintiff told Captain Taylor they were too tight and were causing him pain. The restraints remained on for five to ten minutes until they were removed at medical. The following day, Plaintiff was seen in medical with complaints of swollen wrists and abrasions. He was given pain medication and x-rays were taken. Subsequently, he was prescribed a wrist splint for his right wrist as well as physical therapy. Plaintiff testified that the problems with his wrists arose following the October 17, 2013 incident.

For purposes of § 1915A, Plaintiff has alleged sufficient facts that, if true, could constitute a claim of excessive force. Additional facts are needed to determine whether the use of restraints was necessary under these circumstances to maintain order, or applied maliciously to cause harm to Plaintiff. Accordingly, Plaintiff's excessive force claim against Captain Taylor is retained, and service shall be ordered on this Defendant in his individual capacity.

### B. Due process.

Plaintiff has sued Grievance Investigator Joe Hernandez and Assistant Warden Maria Ramirez alleging that they violated his due process rights when they failed to investigate properly his claims against Captain Taylor.

A prisoner has a liberty interest only in freedoms from restraints that impose an atypical and significant hardship in relation to ordinary incidents of prison life, or in those that extend the length or duration of confinement. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995). Plaintiff does not have a federally protected liberty interest in having his grievances or appeals investigated or resolved in his favor. *Geiger v. Jowers,* 404 F.3d

371, 373-74 (5th Cir. 2005). Plaintiff's claims against Officer Hernandez and Warden Ramirez fail to state cognizable constitutional violations. Accordingly, Plaintiff's claims against these two Defendants are dismissed with prejudice for failure to state a claim and/or as frivolous..

## V. Conclusion.

For the reasons stated above, Plaintiff's excessive force claim against Captain Buck Taylor in his individually capacity is retained, and by separate order, service shall be ordered on this Defendant. Plaintiff's remaining claims are dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

ORDERED this 17th day of December, 2014.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE