UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANKLIN JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-428 |
| | § | |
| BUCK TAYLOR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING REQUEST FOR RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff filed this lawsuit on October 20, 2014, alleging his constitutional rights were being violated in a number of ways (D.E. 1). Following his evidentiary hearing, all claims were dismissed except for Plaintiff's excessive force complaint against Defendant Taylor, and service of process was ordered (D.E. 11, 12). On December 23, 2014, Plaintiff filed a letter motion requesting help due to retaliation he was experiencing (D.E. 13, 14). The motions are treated as requests for issuance of a temporary restraining order and a preliminary injunction.

### Standard

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary

remedy which requires the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S.Ct. 1789 (2014). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

## Discussion

Plaintiff cannot meet his burden as to any of the four factors. As to the first factor, Plaintiff must demonstrate a likelihood of success on the merits of his lawsuit. *Sepulvado,* 729 F.3d at 417. The court notes first of all that the injunctive relief requested by Plaintiff is unrelated to his lawsuit. His claim is one of excessive force against Defendant Taylor, and he alleges in his motion and Officer Anazo and Sgt. Trevino are retaliating against him (D.E. 13). He requests injunctive relief against these two officers, but these officers are not defendants in this lawsuit. In order to obtain relief against these individuals, Plaintiff would need to exhaust his administrative remedies and file a new lawsuit, or seek to add new claims to this lawsuit. He has done neither of those things.

In addition, Plaintiff's allegations against these officers are broadly stated and conclusory. He states he is being retaliated against, that the officers are abusing their authority under color of law, and he is being irreparably harmed. Other than to state generally that Officer Trevino and Anazor are "forging government documents" and "writing false cases," Plaintiff has cited no facts in support of these allegations. Plaintiff has not demonstrated a likelihood of success on the merits of his claim in this lawsuit, nor has he alleged any facts demonstrating that he is a victim of retaliation.

"To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Mere conclusory allegations will not suffice. *Id.* Plaintiff's personal opinion that he has experienced retaliation, without any supporting facts, is insufficient.

As to the second factor, though stating he has suffered irreparable harm, Plaintiff has cited no facts in support of this allegation.

On the third and fourth factors, Plaintiff has failed to show that his interest in injunctive relief outweighs the interest of the prison in maintaining safety and security at the prison. It does not serve the public's interest for the courts to micro-manage the operation of the prison unit. *See Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations in absence of a constitutional violation).

Plaintiff has not carried his burden as to any of the four factors. Accordingly, Plaintiff's construed motions for a temporary restraining order and preliminary injunction (D.E. 13, 14) are denied.

ORDERED this 24th day of December, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE