UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANKLIN  JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-428 |
| | § | |
| BUCK  TAYLOR, *et al*, | § | |
| | § | |
| Defendant. | § | |

## **O R D E R**

Following screening in this action, Defendants Maria Ramirez and Joe Hernandez were dismissed, and Plaintiff's claim of excessive force against Defendant Taylor was retained (D.E. 12).  Service of process was ordered and Defendant Taylor has filed his answer (D.E. 11, 20).

Pending are Plaintiff's motions (1) for leave to file a supplemental complaint (D.E. 29); and (2) and for production of documents (D.E. 31).  Defendant Taylor moves to strike Plaintiff's motion for leave to file a supplemental complaint, or in the alternative to deny the motion (D.E. 32).

Though Plaintiff's pleadings contain a certificate of service, the certificate does not comply with the rules.  It is not sufficient that Plaintiff certify that he served a copy of his pleading on the court; rather Plaintiff must certify that he served a copy of the pleading on counsel for the Defendant.  FED. R. CIV. P. 5(d)(1); LR5.3.  Plaintiff failed to do so.  In addition, Plaintiff's motion for production of documents is a discovery request, and discovery requests are not filed with the court.  LR5.4.  Plaintiff must send his

discovery requests directly to counsel for the Defendant.  If Plaintiff does not receive a response within thirty (30) days, then Plaintiff may file with the court a motion to compel discovery.  FED. R. CIV. P. 37.

Accordingly, Defendant Taylor's motion to strike (D.E. 32) is GRANTED, and the Clerk is ordered to strike Plaintiff's motions (D.E. 29, 31) for failure to comply with the rules.

In the alternative Plaintiff's motion for leave to supplement his complaint (D.E. 29) is DENIED.  Defendants Hernandez and Ramirez were earlier dismissed from the case, and Plaintiff has supplied no additional factual allegations that would support any theory of liability.  As to Defendant Parker, Plaintiff has made only conclusory allegations that Defendant Parker violated Plaintiff's rights without alleging any facts that would support a theory of liability.  *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (leave to amend may be denied if futile).

ORDERED this 12th day of March, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE